UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLYDE WAGNER | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE No. 15-CV-01002 (RCL) |
| | § | |
| DITECH FINANCIAL LLC, | § | |
| f/k/a Green Tree Servicing LLC | § | |
| | § | |
| DEFENDANT. | § | |

## Memorandum Opinion

Before the Court is the plaintiff's Motion to Reconsider and/or Clarify Order and for Leave of Court to Amend Pleadings and for Remand. ECF No. 31. The Court will **grant in part and deny in part** the plaintiff's motion. The Court will grant the plaintiff's request for clarification of the Court's earlier memorandum [ECF No. 29] and order [ECF No. 30] dismissing with prejudice the plaintiff's claims. The Court will deny the remainder of the plaintiff's requested relief.

## Procedural Background

The plaintiff sued the defendant in state court asserting causes of action for alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and breach of contract and also requesting an accounting. The defendant removed the case to federal court on the basis of federal question jurisdiction and filed a motion to dismiss the plaintiff's complaint. The Court granted that motion and dismissed the case in its entirety with prejudice.

The plaintiff now asks the motion to reconsider that decision pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. As part of this motion, the plaintiff seeks the

following relief: (1) that the Court clarify its prior order; (2) that the Court reconsider its ruling on the motion to dismiss; (3) in the alternative, that the Court remand the contract claims to state court if the Court would dismiss the RESPA claims; and (4) in the alternative that the Court allow the plaintiff leave to amend his pleadings. The Court will address type of relief requested in turn.

## Legal Standard

Motions for reconsideration are treated as motions to alter or amend judgment under Rule 59(e). The Fifth Circuit has emphasized that the purpose of a motion to alter or amend a judgment is not to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, its purpose is to allow "'a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003).

## Analysis

I.     **The Court Will Clarify Its Earlier Order—All of the Plaintiff's Claims Are Dismissed.**

The plaintiff asks the Court to clarify its prior order. He asserts that the memorandum opinion only address the alleged RESPA violations and does not address the breach of contract and accounting claims. But the memorandum opinion clearly states that the defendant "did not violate RESPA *or breach the deed of trust*." ECF No. 29 at 1. So the memorandum opinion did address the breach of contract (deed of trust) claim. The opinion does not explicitly mention the plaintiff's accounting claim. This is because an accounting is not an independent cause of action;

rather, an accounting is an equitable remedy. To the extent that further clarification is needed, then, the accounting "claim" is specifically dismissed for that reason.

## II. The Court Will Not Reconsider Its Prior Ruling on the Motion to Dismiss.

### A. The Plaintiff's RESPA Claim

The plaintiff asks the Court to reconsider its prior ruling dismissing his RESPA claim. The Court declines to do so.

The plaintiff characterizes the Court's prior ruling dismissing his RESPA claims as hinging on "the timing of the [defendant's] response" to his Qualified Written Request ("QWR"). ECF No. 31 at 2. This is not so. The Court's prior opinion clearly stated that its ruling was based on the conclusion "that plaintiff's May 11, 2015, letter requesting all documents relating to the loan at issue did not constitute a valid [QWR]" at all. ECF No. 29 at 1.

This conclusion was not a manifest error of law or fact justifying reconsideration. RESPA defines a QWR as follows:

> For purposes of this subsection, a [QWR] shall be a written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of reasons for the belief of the borrower, to the extent applicable, that the account is in error *or provides sufficient detail to the servicer regarding other information sought by the borrower.*

12 U.S.C. § 2605(e)(1)(B) (emphasis added). The plaintiff's May 11, 2015, letter to the defendant requesting all information about the loan did not meet this definition. The letter was a written correspondence. And the letter included information that allowed the defendant to identify the name and account of the borrower (the plaintiff). But a general request for everything about a loan does not "provide[] sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B)(ii); *see also Price v. U.S. Bank Nat. Ass'n*, No. 3:13-cv-00175-O,

3

2013 WL 3976624, at *9 (N.D. Tex. Aug. 2, 2013) (dismissing RESPA claim where the plaintiff requested "all documents pertaining to the [mortgage] loan from its inception" because such a broad request did not "provide[] Defendant with sufficient detail about the information Plaintiff was seeking").

RESPA places the burden on the borrower either to provide reasons justifying the borrower's belief that the account is in error or to provide *sufficient detail* allowing the servicer to find other information that the borrower wants. A borrower does not meet that burden simply by saying, "I want everything." Such a request contains no detail. Such a request is not a QWR. And a borrower cannot make such a general request and then sue when the servicer for failing to provide a specific piece of information that was actually wanted. In this case, the plaintiff has made it very clear that what he really wanted was a payoff amount. That being the case, he should simply have asked for one in his May 11, 2015, letter. He did not. Instead, he sent a general and vague request that he himself acknowledges may have been "unclear." ECF No. 16 ¶12. And when he did finally provide sufficient detail of what information he sought—in other words, when he specifically asked for a payoff amount in his June 25, 2015, letter—the defendant provided the payoff amount the next day.

The point is that the plaintiff's May 11, 2015, letter to the defendant did not provide sufficient detail regarding the information he actually sought. Therefore, the letter was not a QWR. And because the letter was not a QWR, no RESPA claim can be maintained based on the defendant's response to the letter. This conclusion is not a manifest error of law. Therefore, the Court will not alter or amend its prior order dismissing the plaintiff's RESPA claim with prejudice.

## B. The Plaintiff's Breach-of-Contract Claim

As mentioned above, the Court's prior order clearly dismissed the plaintiff's breach-of-contract claim with prejudice. The plaintiff also asks the Court to reconsider this ruling. The Court declines to do so.

The Fifth Circuit has interpreted Texas contract law to require a plaintiff raising a breach-of-contract claim to "identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (citing *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011)). The plaintiff's amended complaint does not identify any specific provision of the deed of trust that was breached. Rather, it merely makes conclusory allegations that the defendant's actions breached some portion or another of the contract. Such allegations are not enough to sustain a breach-of-contract claim, and it was not a manifest error of law or fact for the Court to dismiss that claim with prejudice. Therefore, the Court declines to alter or amend its earlier judgment.

## C. The Plaintiff's Accounting Claim

As the Court explained above, there is no independent cause of action for an accounting. Rather, an accounting is an equitable remedy. Therefore, it was not a manifest error of law to dismiss the accounting claim and the Court declines to alter or amend that determination.

## III. The Court Will Not Remand the Plaintiff's Contract Claim.

Because the Court refuses to alter or amend its previous judgment concerning the RESPA claim, the plaintiff requests that the Court reinstate his breach-of-contract claim and remand it to state court for lack of subject matter jurisdiction. The Court denies this request. When the defendant removed this case to this Court, there was a live RESPA claim. And the plaintiff's breach-of-contract claim is so related to that RESPA claim as to be a part of the same case or

controversy. 28 U.S.C. § 1367(a). Therefore, the Court had federal question jurisdiction over the RESPA claim and supplemental jurisdiction over the breach-of-contract claim at the time of removal. That the RESPA claim was later denied did not affect the Court's jurisdiction over the contract claim because the existence of subject matter jurisdiction over a removed case as a whole is determined at the time of removal. *Bissonet Invs. v. Quinlan*, 320 F.3d 520, 525 (5th Cir. 2003). The Court could have, under 28 U.S.C. § 1367(c)(3), exercised its discretion to decline to exercise jurisdiction over the contract claim when the RESPA claim was dismissed. But given the claim's facial lack of merit, the Court elected not to. And the Court will not now, after twice rejecting the contract claim on its merits, revisit that decision, revive the claim, and remand it to state court. Therefore, the plaintiff's request to remand the contract claim to state court is denied.

## IV. The Court Denies Leave to Amend the Plaintiff's Pleadings.

The final relief the plaintiff requests is leave to amend his pleadings. The general rule is that a "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). But justice does not so require in this case. The plaintiff already amended his pleadings once before the Court dismissed his case. And the plaintiff did not seek leave to amend pleadings again until his case had already been dismissed with prejudice. Justice does not require that plaintiffs be given leave to amend whenever their cases are dismissed. The plaintiff has already had multiple opportunities to state a claim. The Court will not protract this litigation any longer by giving him another. Therefore, the Court denies the plaintiffs request for leave to amend his pleadings.

## Conclusion

For the reasons given above, the Court will **grant in part and deny in part** the plaintiff's motion [ECF No. 31]. Specifically, the Court will grant the plaintiff's request for clarification of its prior order. The Court's prior order dismissed with prejudice all claims brought by the plaintiff in this case without exceptions. The Court will deny the remainder of the motion and deny all other relief requested by the plaintiff.

**A separate order shall issue.**

Signed: July _____ **2** _____, 2018.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE